W. SHARP, Judge.
Baldwin appeals from his judgment and sentences for two counts of battery on a law enforcement officer.[1] His sole issue on appeal is that the trial court erred in excluding from evidence at his trial a booking photograph taken of Baldwin, which showed he had a bruised and swollen eye. The photograph was taken several hours after his altercations with police officers, which were the bases for the criminal charges. We affirm.
On October 29,1995, Orange County deputies responded to a domestic violence call at an apartment shared by Baldwin and his girlfriend. The sliding glass door was shattered and Baldwin was bleeding from a cut on his hand. He yelled, “I guess I am going to jail,” and ran out through the glass door. Officer Balmer apprehended him, handcuffed him, and dragged him back to the patrol car because Baldwin refused to walk. Baldwin said “take some of this,” and wiped his blood on Balmer’s uniform.
When Baldwin was taken out of the patrol car and placed on a stretcher to be examined by paramedics, he yelled obscenities, rocked back and forth, and kicked. While being restrained on the stretcher, he kicked Deputy Deleu in the jaw.
At the Orange County jail, Baldwin was processed by Officer King. After King conducted a pat down search of Baldwin, Baldwin announced “I have AIDS.” Baldwin then spit in King’s face.
Baldwin’s defense consisted of his assertion that he was so intoxicated that he had no memory of the batteries inflicted on the police officers. At trial, defense counsel sought to admit into evidence the booking photograph of Baldwin, taken several hours after the altercations, which shows Baldwin with a swollen eye. The state objected on the ground of relevancy. The paramedics and the deputies involved in the altercations all testified the last time they saw him, Baldwin did not look the way he was depicted in the photograph, and he did not have a swollen eye.
On appeal, Baldwin argues the photograph was relevant to cast doubt on the credibility of the state’s witnesses, to establish bias on their part, and to create a more complete and accurate picture of the events in question. His position has no merit.
First, trial counsel failed to preserve this issue for appeal by failing to raise it at trial. Hadden v. State, 690 So.2d 573 (Fla.1997); Terry v. State, 668 So.2d 954 (Fla. 1996); Steinhorst v. State, 412 So.2d 332 (Fla.1982); Smith v. State, 674 So.2d 791 (Fla. 5th DCA), rev. denied, 684 So.2d 1352 (Fla.1996). See also § 924.051(1)(b) and (3), Fla.Stat. (Supp.1996). At trial, defense counsel simply moved for admission of photographs without any explanation. After hearing the state’s objection, defense counsel said: “Nothing, Judge, I have no argument.”
Baldwin was unable, through his counsel, to articulate any reason why the booking photograph was relevant to the criminal charges, or Baldwin’s defense. Baldwin admitted the photograph had been taken hours after his altercations with the police officers which culminated in his criminal charges. He made no claim of police brutality and necessity to defend himself.[2] Rather he claimed he was so intoxicated he could not remember what had happened. Since the defense failed to establish that admission of the photograph would shed any light on the issues to be tried in this case, the trial court did not abuse its discretion in excluding it. See, e.g., Gray v. State, 640 So.2d 186 (Fla. 1st DCA 1994).
AFFIRMED.
COBB and GRIFFIN, JJ., concur.

. § 784.07, Fla.Stat. (1995).

. Compare Diaz v. State, 597 So.2d 368 (Fla. 3d DCA 1992).