715 So.2d 325 (1998)
John WUNDERLE and Margaret Wunderle, Appellants,
v.
FRUITS, NUTS & BANANAS, INC., Danny Darrell Moose, Deanne Christine Moose, and Ron F. Smith, Appellees.
No. 97-00465.
District Court of Appeal of Florida, Second District.
July 24, 1998.
Thomas G. Hersem, Clearwater, for Appellants.
Bruce R. Young and Patrick A. Davis, Clearwater, for Appellees.
PER CURIAM.
The appellants, John and Margaret Wunderle, challenge the trial court's order awarding attorney's fees in favor of the appellees, Fruits, Nuts & Bananas, Inc., et al., contending the appellees' pleadings failed to legally raise the issue of attorney's fees and the motion for attorney's fees was unduly delayed by having been filed approximately two months after the jury verdict. We agree and reverse.
In 1992, the appellants filed a complaint seeking damages for the appellees alleged default in payment of a promissory note. The note contained a provision for the award of attorney's fees. The appellees filed an answer to the appellants' complaint, raising affirmative defenses along with the issue of fraud, which would render the note null, void, and unenforceable. This responsive pleading did not contain a request for attorney's fees.
Subsequently, the appellees filed an unsigned motion to amend their answer, affirmative defenses, and counterclaim. The proposed unsigned pleading contained a request for attorney's fees, in the wherefore clause of the pleading, without reciting a legal basis for the request.
On April 19, 1996, the appellees recovered a jury verdict which nullified the promissory note. Thereafter, on June 20, 1996, and July 12, 1996, the appellees filed their motion for attorney's fees and award of costs, which the trial court granted after two hearings. The appellants filed a timely notice of appeal from the trial court's order awarding attorney's fees in favor of the appellees.
The appellants contend that the trial court erred in awarding attorney's fees because the appellees failed to properly plead the attorney's fees issue and because they waited two months before filing their motion for attorney's fees. We agree that the trial court erred by awarding the appellees' attorney's fees.
This case is controlled by the holding in Stockman v. Downs, 573 So.2d 835 (Fla. 1991). The Florida Supreme Court held that, "a claim for attorney's fees, whether based on statute or contract, must be pled. The fundamental concern is one of notice." Stockman, 573 So.2d at 837 (footnote omitted). The court went on to recognize an exception to this requirement by stating that if a party has notice that an opponent claims entitlement to attorney's fees and by its conduct acquiesces or fails to object to that claim, that party waives any objection for failure to plead a claim for attorney's fees. Stockman, 573 So.2d at 838. This exception *326 affords the appellees no relief as the evidence does not indicate that the appellants acquiesced to the claim of attorney's fees or failed to object to it. Additionally, it cannot be said the appellants were put on notice that the appellees would seek attorney's fees as neither appellees' pretrial statement nor the pretrial order referenced attorney's fees.
Stockman also held that proof of attorney's fees may be presented after final judgment, upon motion within a reasonable time. Stockman, 573 So.2d at 838. Since the appellees did not file their motion until two months after the jury verdict in their favor, we do not find that the motion for attorney's fees was filed within a reasonable time period. See also McAskill Publications, Inc. v. Keno Bros. Jewelers, Inc., 647 So.2d 1012 (Fla. 4th DCA 1994) (stating that a trial court generally should not grant a post-judgment motion for attorney's fees filed almost three months after the judgment on the merits because of "unreasonable tardiness").
Since the appellees failed to comply with the pleading dictates of Stockman and also failed to file their motion for attorney's fees within a reasonable time, we reverse the trial court's order granting attorney's fees in favor of the appellees.
Reversed.
PARKER, C.J., and WHATLEY and GREEN, JJ., concur.