724 So.2d 684 (1999)
PELICAN BAY HOMEOWNERS ASSOCIATION, INC., Appellant,
v.
Robert SEDITA & Patricia Sedita, His Wife, Appellees.
No. 98-1611.
District Court of Appeal of Florida, Fifth District.
January 22, 1999.
*685 R. Michael Kennedy of Kennedy & Pyle, P.A., South Daytona, for Appellant.
Bruce A. Hochstetler, Daytona Beach, for Appellees.
HARRIS, J.
Pelican Bay filed an action against the Seditas to enjoin them from parking their limousines outside their garage in violation of a homeowner restriction that prevents "commercial" vehicles from being openly parked in the development. The trial court granted the injunction but gave the Seditas six months to come into compliance. The trial court refused to grant prevailing party attorney's fees to the homeowner association. It appeals; we reverse.
Neither the fact that the issue was close, nor the fact that the Seditas were given time to comply with the injunction, alters the conclusion that the homeowner association was the prevailing party. In Kirou v. Oceanside Plaza Condominium Ass'n, Inc., 425 So.2d 650 (Fla. 3d DCA 1983), the court held that the proceeding was one in which the association sought the removal of dogs from the condominium unit, and that, because the trial court ruled that the dogs could not be removed, the unit owner clearly prevailed and was therefore entitled to attorney's fees. Here, the ultimate result was that the limousines were ordered removed, making the homeowner association the prevailing party and entitled to attorney's fees. See also, Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992) (prevailing party on significant issues in litigation should be considered prevailing party for attorney's fees).
When the parties by contract determine that the prevailing party in any litigation shall be entitled to attorney's fees, the question before the court is not whether fees should be awarded; the issue is which is the prevailing party. See Imperial Terrace East Homeowner's Association v. Grimes, 649 So.2d 301 (Fla. 5th DCA 1995) ("If any provisions of the Declaration are to be enforced, all must be enforced"). A trial court has some discretion in determining which party prevailed when neither party has been vindicated fully, see Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993), but here, where the homeowner association prevailed on the only issue in contention, it was the court's duty to enforce the attorney's fees provision in the parties' contract. As the supreme court stated with respect to a mortgage agreement:
It is well established in this state that an acceleration clause or promise in a mortgage confers a contract right upon the note or mortgage holder which he may elect to enforce upon default. Campbell v. Werner, 232 So.2d 252, 255 (Fla. 3d DCA 1970). Safeguarding the validity of such contracts, and assuring the right of enforcement thereof, is an obligation of the courts which has constitutional dimensions. Id. at 256. See also art. I, sec. 10, U.S. Const.; Declaration of Rights, art. I, sec. 10, Fla. Const.
David v. Sun Federal Savings & Loan Ass'n, 461 So.2d 93 (Fla.1984).
Regarding the issues of notice and timeliness, raised for the first time in the dissent,[1] they are waived because they were *686 not raised in the brief, see Martin v. Town of Palm Beach, 643 So.2d 112 (Fla. 4th DCA 1994), or, apparently, below, see Baldwin v. State, 694 So.2d 125 (Fla. 5th DCA 1997).
REVERSED for imposition of attorneys fees in favor of the homeowner association.
PETERSON, J., concurs.
W. SHARP, J., dissents, with opinion.
W. SHARP, J., dissenting.
I respectfully dissent for two reasons. The first is based partly on equitable reasons: the provision being enforced against the Seditas in this case was extremely ambiguous and it required considerable interpretation and re-writing by the trial court before it could truly be said to apply to them, and thereafter be enforced. The second is based on legal precedent. Pelican Bay failed to properly plead the grounds for its request for attorney's fees in the suit below and it did not move for attorney's fees until three and one-half months after the final judgment was renderedan unreasonable delay.
This cause commenced when the Pelican Bay Homeowners Association filed a complaint for an injunction seeking to enforce section 4C, article III, of the Associations' Declaration of Covenants and Restrictions against the Seditas. This section provides (in relevant part):
[N]o commercial vehicle shall be parked in Pelican Bay at any time except within a garage attached to the dwelling unit. For the purposes of this section, `commercial vehicles' shall mean any automobile, truck or other vehicle which contains lettering or advertising thereon or which is identified with a business or commercial activity or to which has been added a cabinet box, rack or other equipment for the purpose of carrying goods other than the personal effects of the passengers.
The Seditas took the position that this provision did not prohibit them from parking their two white super stretch limousines in their driveway at their residence in Pelican Bay. The limousines were used in the Seditas limousine-service business and occasionally for personal use. But they had no lettering or advertising and were not equipped with any cabinets, racks or other equipment for carrying goods other than the personal effects of passengers.
Thus, the only connection between the restriction and the limousines would be to say that they are somehow "identified" with a commercial business, in other persons' mindsa subjective issue at best. The trial judge noted that Pelican Bay security had never ticketed the limousines as commercial vehicles improperly parked, as it was their job to do. However, the Seditas had admitted to the Association that they used the limousines in their business.
The court then considered the nature of the Pelican Bay community. The court described it as a secure, prosperous neighborhood where standard vehicles and pickup trucks are common. But it was not an elite neighborhood where limousines were common. However, Pelican Bay agreed that a wealthy person living in its community who owned a stretch limousine and used it for personal purposes would be permitted to park it in the residence's driveway without violating the restriction.
The court eventually concluded that the restriction should be interpreted as barring the Seditas from parking the limousines in their driveway because they were used in the Seditas' business, however, they could be parked there when being used for personal reasons. The court noted that the restriction was ambiguous, and had been haphazardly and inconsistently enforced. More importantly, it found that the Seditas had been misled into believing they were not in violation of the restriction. Accordingly, the court gave the Seditas 180 days to make alternative arrangements for the limousines. *687 Pending that time, they could continue to park the limousines in their driveway.
The provision in the Declarations and Covenants that provides for attorney's fees says:
[T]he Master Pelican Bay shall recover its costs, expenses and attorney fees incurred with respect to the enforcement of the Covenants and Restrictions. If any member of the Master Pelican Bay violates the Covenants and Restrictions contained herein or promulgated hereunder, and the Master Pelican Bay incurs expenses, costs and attorney's fees or is required to bring an action at law or in equity with respect to such violation, then the violating member shall be liable to the Master Pelican Bay for such costs, expenses and attorneys fees.... (emphasis supplied)
In my view, the matter ended somewhat in a "draw." The ambiguous provision was interpreted or "rewritten," but it was not enforced against the Seditas. They were allowed to continue to park the limousines in their driveway for 180 days, and indefinitely when used for personal reasons. If, after 180 days, the Seditas violate the newly interpreted restriction and Pelican Bay has to resort to court to enforce the restriction, only then, do I think Pelican Bay should be entitled to attorney's fees under this "enforcement" provision.
The restriction sought to be enforced in this case was drafted by Pelican Bay and it should bear some responsibility for its ineptness. I agree with the trial court that the restriction was ambiguous and had doubtful application to the Seditas. Had it been properly drafted or uniformly enforced, it is likely the Seditas would not have been misled by it, and they would have complied with it. Thus, it is equitable in this case to deny Pelican Bay attorney's fees.
There are, however, additional more "legalistic" reasons to deny Pelican Bay attorney's fees in this case. First, Pelican Bay failed to specify in its pleadings the basis for its request for attorney's fees. In its complaint, Pelican Bay merely said: "As a result of Defendants' violations, the law firm of Kennedy & Pyle has been retained to represent Plaintiff's interests in this cause and Plaintiff is obligated to pay a reasonable fee for their professional services." There is a request for fees in the wherefore clause, but it does not recite the authority upon which the request is based. Nor is the basis for attorney's fees specified in the Joint Pre-trial Statement.
Such a general request for attorney's fees does not provide a sufficient basis for a fee award. Stockman v. Downs, 573 So.2d 835 (Fla.1991); Wunderle v. Fruits, Nuts and Bananas, Inc., 715 So.2d 325 (Fla. 2d DCA 1998); Dealers Ins. Co. v. Haidco Inv. Enterprises, Inc., 638 So.2d 127 (Fla. 3d DCA 1994). In order to be entitled to attorney's fees, a party seeking them must plead the correct entitlement. United Pacific Ins. Co. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993).
Moreover, the judgment was rendered December 8, 1997. But it was not until March 25, 1998almost four months laterthat Pelican Bay filed its motion for an order awarding attorney's fees and costs. As noted in Stockman, a motion for fees must be made within a reasonable time. Id. at 838. See also McAskill Publications, Inc. v. Keno Bros. Jewelers, Inc., 647 So.2d 1012 (Fla. 4th DCA 1994). Only in its December 8th motion does Pelican Bay reveal that the basis for its motion is the Association's Declaration of Covenants and Restrictions. In Wunderle, a secondary basis for denying attorney's fees awarded in that case was because the motion had not been filed until two months after the jury verdict. If two months is too long a time in which to file a motion, clearly then the delay of nearly four months in this case was also.
For all of these reasons I would affirm the trial court's denial of attorney's fees to Pelican Bay.
NOTES
[1] Even if we consider the notice and timeliness issues raised by the dissent, the record does not support denying fees. The suit was brought on an instrument providing for prevailing party attorney's fees and the request for fees was predicated on being the prevailing party. The claim for fees was properly made in the pleadings. When a party seeks prevailing party attorney's fees in an action in which the instrument authorizing such fees is either attached to the complaint or referred to in it, the basis for the attorney's fees should not be a mystery. And although the proof relating to attorney's fees must be presented "within a reasonable time" [Stockman v. Downs, 573 So.2d 835, 838 (Fla. 1991)], what is "reasonable" will depend on the circumstances. Here, since the issue was not raised by appellee, there was no showing of any prejudice caused by the three month delay.