NESBITT, J.
Claiming numerous violations of an injunction, a homeowners association appeals an order determining a homeowner violated only a limited number of injunction provisions, and dismissing his wife from the action, and awarding her fees as a prevailing party. We affirm in part and reverse in part.
Over a period of time, the Miami Lakes Loch Ness Section Homeowners Association (Loch Ness) complained that Carlos and Yoa-na Pelaez were storing vehicles owned by Mr. Pelaez’s business at the Pelaez home in violation of restrictive covenants which prohibited commercial activities on the property. The parties entered an agreed injunction permanently enjoining the Pelaezes from:
a. Storing, maintaining, showing, cleaning, repairing or otherwise introducing into their residential property or any other property within the Miami Lakes Loch Ness Section, any vehicle either or both defendants have under their possession or control for resale, trade, export and/or any other commercial purpose, or storage pending resale, trade, export or other commercial purpose.
b. Using their residential property or any property within the Miami Lakes Loch *381 Ness Section for the storage or parking of any boat or boat trailer.
The Pelaezes also agreed to be subject to a fíne of $100.00 per day, per vehicle, should they introduce prohibited vehicles into the subdivision.
After entry of the agreed injunction, Mr. Pelaez brought several cars owned by his business on to the property. After a robbery, the couple also kept a Camry owned by the business in front of their house for 84 days. Mr. Pelaez said this was to “make believe” the house was lived in while the Pelaezes were residing elsewhere. The couple also kept several jet skis on a trailer on the property. On February 10, 1997, Loch Ness moved for a rule to show cause to hold the Pelaezes in contempt for violating the injunction with respect to four vehicles, three jet skis and two jet ski trailers.
The report of the General Master appointed to hear the case found Mr. Pelaez in violation of injunction with respect to two vehicles, one for three days, one for one day, for a total fine of $400.00. Concluding that the Camry was on the property for personal security rather than business reasons, the General Master found no violation in keeping that car on the street for 84 days. The General Master also ruled that the injunction did not give adequate notice that jet skis or the jet ski trailer were prohibited, and found no violation as to these. Finally, the General Master discharged the rule as to Mrs. Pelaez altogether, finding an absence of evidence of her violation.
In a second report as to the award of fees, the General Master recommended an award of $14,685.00 in fees in favor of the Loch Ness as the prevailing party against Mr. Pelaez, but also recommended an award of $8,200.00 in favor of Mrs. Pelaez as a prevailing party against the Loch Ness. The trial court ratified and approved both reports, and Loch Ness appealed.
First, the Pelaezes maintain that this court lacks jurisdiction based on the lack of timeliness of the instant appeal. We disagree. 'While there was a denial of exceptions to the General Master’s first report in November 1997, there was no order adopting the General Master’s findings or order of final judgment until the following July, and the instant appeal came a few weeks later.[1] Loch Ness was not obligated to appeal the denial of exceptions. See Peacon v. Peacon, 578 So.2d 781 (Fla. 3d DCA 1991)(“The Order denying the exceptions did not adopt or ratify the general master’s report and thus clearly was neither a final nor non-final ap-pealable order pursuant to Florida Rule of Appellate Procedure 9.130.”) Thus, there is no timeliness problem.
Considering the merits of the instant appeal, we find no abuse of discretion in the trial court’s adoption of the General Master’s findings as to which acts of the homeowners constituted a violation of the parties’ injunction agreement. We do, however, disagree with the court’s decision that Mrs. Pelaez had not violated the injunction. The evidence was that she owned the property, the injunction provided that she would not keep commercial vehicles on the property, and for at least four days, in violation of the injunction, commercial vehicles had been kept on the property. This constituted a violation by Mrs. Pelaez.
On this analysis, the sole prevailing party was the homeowners association and we reverse that part of the trial court’s order concluding otherwise and awarding Mrs. Pelaez fees. See Pelican Bay Homeowners Association, Inc. v. Sedita, 724 So.2d 684 (Fla. 5th DCA 1999)(concluding homeowner association was entitled to attorney fees under attorney-fees provision in parties’ contract, in suit to enjoin residents from parking limousines outside their garage, even though issue was close, and trial court gave owners six months to come into compliance, where association prevailed on the only issue in *382 contention, that is, whether residents violated homeowner restriction against openly parking commercial vehicles in development).
Accordingly, we reverse the finding that Mrs. Pelaez was not in violation of the injunction at issue, and the finding that she was a prevailing party, the balance of the order is affirmed.

. The record demonstrates that the dates were as follows:
Aug. 11, 1997 General Master report
November 6, 1997 trial judge's order overruling exceptions
March 19, 1998 General Master report on fees
May 19, 1998 trial judge's order overruling exceptions
July 1, 1998 Trial judge ratifies and adopts reports and enters final judgment
July 14, 1998 First amended notice of appeal