759 So.2d 28 (2000)
Michael C. SHIPLEY and Melanie Miller Shipley, Appellants,
v.
BELLEAIR GROUP, INC., a Florida corporation, Appellee.
No. 2D99-1209.
District Court of Appeal of Florida, Second District.
March 24, 2000.
Jeffrey L. Hinds and Stephen A. Baker of Allan & Shipp, P.A., St. Petersburg, for Appellants.
Thomas G. Hersem, Clearwater, for Appellee.
ALTENBERND, Judge.
Michael and Melanie Shipley (the Shipleys) appeal an order striking their post-judgment motion for attorneys' fees and costs. We reverse. The Shipleys prevailed in their action to collect money due on a promissory note from the payor, Belleair Group, Inc. (Belleair). The note expressly provided for the recovery of attorneys' fees. The Shipleys had pleaded their right to fees in their complaint, and the trial court specifically retained jurisdiction in the final judgment to award fees and costs. Although the Shipleys filed their motion for attorneys' fees approximately eighty days after the entry of final judgment, this delay, standing alone, is not a legal basis to strike their motion.
On June 29, 1998, the Shipleys filed a complaint against Belleair alleging breach of a promissory note. The promissory note, in the amount of $182,000, was executed by Belleair on October 16, 1996. It required Belleair to make interest payments *29 for a period of two years, and a final payment when the note came due on October 16, 1998. The note contained a typical clause providing for the payment of the costs of collection including attorneys' fees. The complaint expressly alleged a right to attorneys' fees pursuant to the note.
Following a bench trial, the trial court entered a judgment on November 6, 1998. The judgment awarded damages of $164,961.76 and expressly retained jurisdiction "for the purpose of determining an appropriate award of costs and attorney fees." Belleair did not pay the judgment when entered. Thus, the Shipleys obtained writs of execution and garnishment, and initiated proceedings supplementary in aid of execution. Eventually, Belleair tendered a draft in the full amount of the judgment, although the record does not indicate when this occurred. After receiving payment on the judgment, the Shipleys dismissed a pending garnishment action and ended all collection efforts. The Shipleys' attorneys allegedly rendered their final service on the collection of the note and judgment on December 22, 1998.
On January 29, 1999, the Shipleys' attorneys filed a motion to tax fees and costs, seeking both pre-judgment and post-judgment fees and costs. The motion attached exhibits detailing the requested fees and costs. Belleair responded with a motion to strike the request for fees and costs. Belleair does not claim in this motion that its payment satisfied the unresolved fees and costs. In fact, the record contains no satisfaction of the judgment. Belleair does not maintain that it suffered any prejudice by the Shipleys' delay in filing a post-judgment fees and costs motion. Relying on this court's opinion in Wunderle v. Fruits, Nuts & Bananas, Inc., 715 So.2d 325 (Fla. 2d DCA 1998), Belleair claims that the Shipleys' delay in filing the motion for almost eighty days after the final judgment is unreasonable as a matter of law. The trial court accepted this argument and struck the motion for fees and costs.
The legislature has expressly authorized an award of costs to a prevailing party. See § 57.041, Fla. Stat. (1999). Under the American Rule, the law has long authorized an award of attorneys' fees to a prevailing party when provided by contract. See, e.g., Webb v. Scott, 129 Fla. 111, 176 So. 442 (1936). The Florida Rules of Civil Procedure contain no specific rule implementing these rights. Cf. Fla. R.App. P. 9.400 (providing for attorneys' fee motion and setting time for service). Thus, there is no rule governing the timing or content of such a motion for fees and costs. Only when the fees are requested as a sanction under Florida Rule of Civil Procedure 1.442(g) do the rules specify a thirty-day period within which to seek the award. See Spencer v. Barrow, 752 So.2d 135 (Fla. 2d DCA 2000).
In Stockman v. Downs, 573 So.2d 835 (Fla.1991), the supreme court stated that a claim for attorneys' fees must usually be pleaded to give the opponent notice of the claim. Failure to plead such a request can result in a waiver of the right to recover the fees. The court's holding in Stockman actually recognized an exception to this general rule when the opposing party has notice of the claim and acquiesces to it. In Stockman, the court noted that "proof of attorney's fees may be presented after final judgment, upon motion within a reasonable time." Id. at 838. The opinion does not further elaborate what might constitute a "reasonable" time.
In Wunderle, 715 So.2d 325, this court held that fees were not recoverable because the plaintiff had not pleaded a right to fees prior to a jury trial and also delayed sixty days in filing its motion. See 715 So.2d at 326. Technically, this court's discussion of unreasonable delay in Wunderle is dicta because the outcome was controlled by the failure of the plaintiff in that case to allege a claim for fees. Even if the discussion in Wunderle were not dicta, it would be distinguishable because the trial court in this case expressly reserved jurisdiction to award the fees and *30 costs in the future. See United States Fidelity & Guar. v. Martin County, 669 So.2d 1065, 1066 (Fla. 4th DCA 1996). Moreover, the delay in this case is more appropriately measured from the conclusion of the collection efforts.
In the absence of a more specific rule of procedure such as rule 1.442(g), a reservation of jurisdiction to award further relief apparently allows an action to remain pending for an additional year without prosecution. See Fla. R. Civ. P. 1.420(e). Although we agree that the prevailing party's decision to delay the filing of a motion for fees within this one-year period could be "unreasonable" under the facts of a particular case, a delay of eighty days cannot be said to be unreasonable as a matter of law. Before a prevailing party is entirely stripped of its ability to recover fees, the losing party probably should be required to demonstrate some degree of prejudice arising from the prevailing party's delay in filing the motion.
This court is not authorized to create a rule of civil procedure stating that motions will be unreasonable or untimely as a matter of law if filed more than a certain number of days after the entry of a judgment.[1]See Art. V, § 2, Fla. Const. Accordingly, we can only evaluate the unreasonableness of a motion under all the facts and circumstances of a particular case. Compare Folta v. Bolton, 493 So.2d 440, 444 (Fla.1986) (holding fee motion filed approximately two months after final judgment was timely) and Martin County, 669 So.2d 1065 (finding fee motion filed some seven months after mandate was timely) with Wunderle, 715 So.2d 325 (stating sixty-day delay in filing fee motion was unreasonable) and National Envtl. Prods., Ltd. v. Falls, 678 So.2d 869 (Fla. 4th DCA 1996) (holding fee motion pursuant to section 57.105(1) filed six months after mandate untimely). The uncertainty created by this case law suggests that a rule of procedure concerning such motions might be appropriate. See Scott D. Makar, Post-Judgment Motions for Attorneys' Fees: Time for a Bright-Line Rule, 71 Fla. B.J. 14 (Feb.1997). In the appellate arena, it is relatively easy to create a bright-line rule that is measured from the date of mandate because a mandate always concludes the work in the appeal. See Fla. R.App. P. 9.400(a). A final judgment, however, does not necessarily end all legal work in many civil cases, especially in dissolutions, collection matters, and cases that are appealed. Post-trial motions can complicate the timing of a motion for fees and costs. It would be useful to have a rule that specified the contents as well as the timing for such motions, but any such rule would need to accommodate the differing needs of lawyers and parties in the various types of lawsuits governed by the Florida Rules of Civil Procedure.
We reverse the order striking the motion for fees and costs and remand for further proceedings.
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER, J., Concur.
NOTES
[1] We are aware that the supreme court has requested the Civil Procedure Rules Committee of The Florida Bar to draft an adequate proposal governing motions to tax fees and costs.