647 So.2d 1012 (1994)
McASKILL PUBLICATIONS, INC., a Florida corporation, Petitioner,
v.
KENO BROTHERS JEWELERS, INC., a Florida corporation, d/b/a Keno Brothers Jewelers, Respondent.
No. 94-2251.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
A. John Goshgarian of Law Offices of A. John Goshgarian, Miami Shores, for petitioner.
Kevin J. D'Espies of McCollem & D'Espies, Fort Lauderdale, for respondent.
GLICKSTEIN, Judge.
We grant the petition for certiorari and remand to the circuit court, in its appellate capacity, with direction to reverse the county court's supplemental final judgment which awarded an attorney's fee to respondent.
We do not know if respondent pled in the county court its entitlement to an attorney's fee prior to final judgment, there being no such pleading in either party's appendix prior to the February, 1992 final judgment. Stockman v. Downs, 573 So.2d 835, 837, 838 (Fla. 1991), requires that a party plead entitlement to an attorney's fee, whether the basis of the fee is statutory or contractual, unless there is acquiescence or waiver by the other party. However, even if we were to assume for the purpose of discussion that such entitlement was pled, Stockman also tells us that it was then necessary for the party seeking the attorney's fee to move the trial court for same and present proof of fees "within a reasonable time" after the final judgment. Id. at 838.
As best we can determine from the appendix to the petition, respondent never filed a motion for attorney's fee in the county court at any time after the entry of final judgment on the merits in favor of respondent/defendant against petitioner/plaintiff in February, 1992.[1] Instead, several months *1013 after petitioner filed an appeal in the circuit court, respondent filed two motions for attorney's fee there. The first was filed on or about May 7, 1992, claiming entitlement pursuant to section 57.105(2), Florida Statutes (1991).[2] There is no way to determine from the motion when the attorney's services were performed  prior to and/or after the appeal, neither party including the attorney's affidavit in the respective appendices. The circuit court never ruled on the above motion until after its mandate was issued, granting said motion twenty-one days after the mandate although it had lost jurisdiction by then to award such fees for appellate services.
Seven months after the above mandate, respondent's attorney filed another motion for attorney's fee in the circuit court, but we do not have the accompanying affidavit. For all we know, the affidavit includes services from the commencement of representation to the date of the affidavit as the motion alludes to 38.30 hours having been spent.
Petitioner then filed in the county court a motion to dismiss respondent's above aberrant motion for attorney's fees. We do not know if the trial court ruled on that motion. We do know that on the same day it was served, the county court awarded an attorney's fee to respondent, apparently without any motion in said court for same.
Our having recited that the two motions for attorney's fees at the trial level were filed in the wrong court and those for appellate attorney's fees were acted upon or filed, respectively, when the circuit court had no jurisdiction, we finally conclude that a trial court generally should not grant a post-judgment motion for attorney's fees filed almost three months after the judgment on the merits because of "unreasonable tardiness." White did not rule on the length of time which was permissible,[3] leaving that decision to local rules approved by the district courts. Nevertheless, it cited one decision which recommended a uniform rule with a maximum of twenty-one days;[4] although its holding was limited to the conclusion that the attorney's fee was not subject to the ten day limitation contained in rule 59(e), Federal Rules of Civil Procedure.
POLEN, J., concurs.
GUNTHER, J., dissents without opinion.
NOTES
[1] While the final judgment in the county court on the merits of the parties' underlying dispute did not reserve jurisdiction to award an attorney's fee to the prevailing party, it was unnecessary for it to do so because any post-judgment motion for attorney's fee would raise a "collateral and independent claim." Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241, 1243 (Fla. 1986), adopting the reasoning and holding in White v. New Hampshire Dep't of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).
[2] Section 57.105(2), Florida Statutes (1991), provides:

(2) If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This act shall take effect October 1, 1988, and shall apply to contracts entered into on said date or thereafter.
The notice of appeal was actually filed eight days prior to entry of the final judgment on the merits, but it was amended after final judgment.
[3] The motion in White was filed four and one-half months after the final judgment.
[4] See Obin v. District No. 9 of the Int'l Ass'n of Machinists and Aerospace Workers, 651 F.2d 574, 584 (8th Cir.1981), wherein conflicts between the circuits are also discussed on the question whether attorney's fees are costs.