669 So.2d 1065 (1996)
UNITED STATES FIDELITY & GUARANTY, Appellant/Cross-Appellee,
v.
MARTIN COUNTY, Florida, Appellee/Cross-Appellant.
No. 95-1025.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
Rehearing, Rehearing, and Certification Denied April 3, 1996.
*1066 Gregory C. Picken, West Palm Beach, for appellant/cross-appellee.
Scott D. Makar, Jacksonville, Leslie King O'Neal and Steven R. Schooley of Holland & Knight, Orlando, for appellee/cross-appellant.
Rehearing, Rehearing En Banc, and Certification Denied April 3, 1996.
WARNER, Judge.
Appellant, United States Fidelity & Guaranty (USF & G), secured a final order granting summary judgment against appellee Martin County, reserving jurisdiction to award attorney's fees. Martin County filed an appeal of the order. Eight days after our decision affirming the final summary judgment was rendered, USF & G moved the trial court to assess attorney's fees, not for appellate fees but for the fees expended in securing the final summary judgment. The trial court denied the motion, determining that the motion had not been filed in a reasonable time after the entry of the final judgment, relying on McAskill Publications, Inc. v. Keno Bros. Jewelers, Inc., 647 So.2d 1012 (Fla. 4th DCA 1994). Because we believe that McAskill is distinguishable, that USF & G did move to assess fees immediately after the judgment became "final" by our decision, and that there was no surprise or prejudice to the county, we reverse.
The county sued USF & G for damages in the circuit court. In its answer to the complaint, USF & G requested attorney's fees by virtue of various statutes and the contract between the parties. At the summary judgment hearing, USF & G requested that the final order contain a reservation of jurisdiction as to attorney's fees, which was included. The county filed a notice of appeal. On January 11, 1995, our opinion affirming the final summary judgment was rendered. Martin County v. United States Fidelity & Guar. Co., 649 So.2d 247 (Fla. 4th DCA 1995). On January 19, 1995, USF & G filed a motion to award attorney's fees; an amended motion was filed on January 31, 1995. Relying on McAskill, the trial court determined that the motion had not been made within a reasonable time after final judgment and denied the motion. That is the order appealed herein.
McAskill reached our court by way of petition for certiorari from a decision of the circuit court sitting in its appellate capacity. McAskill, 647 So.2d at 1012. In McAskill, suit was filed in county court. In its final judgment on the merits, the court did not reserve jurisdiction to award attorney's fees. Id. The successful party, the respondent, never moved for attorney's fees in the county court at any time. Instead, the respondent filed several motions in the circuit court, after an appeal was filed by petitioner, which were never acted upon until seven months after the mandate had already issued from the circuit court. Id. at 1013. When petitioner moved the county court to dismiss the motions for attorney's fees some time later, the county court instead granted fees to the respondent. While exact dates are not given in the opinion, the county court would have acted more than seven months after the circuit court mandate on appeal was issued and probably at least a year or two after the entry of the original county court final judgment. Our court concluded that "a trial court generally should not grant a post-judgment motion for attorney's fees filed almost three months after the judgment on the merits because of `unreasonable tardiness.'" Id. (emphasis supplied). Because we initially decided that the two motions for trial attorney's fees were filed in the wrong court and then not acted upon or raised again before the mandate of the circuit court was rendered, the statement is dicta.[1] Nevertheless, the facts of McAskill are distinguishable from the instant case, in which the request for attorney's fees was made in the pleadings and renewed at the summary judgment hearing, and reservation to award attorney's fees was included in the final judgment.
McAskill relied on White v. New Hampshire Department of Employment Security, *1067 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), in determining that a motion for attorney's fees generally should be filed within three months of a final judgment. But, like McAskill, the original final judgment in White did not contain a reservation to award attorney's fees. The issue presented to the Supreme Court was whether under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Section 1988, a motion for attorney's fees was a motion to alter or amend a final judgment which must be brought within 10 days under rule 59(e) of the Federal Rules of Civil Procedure. The court held that it was not and determined that under section 1988, a trial court has discretion to deny an award in cases where a post-judgment motion unfairly surprises or prejudices the opposing party. White, 455 U.S. at 454, 102 S.Ct. at 1167-68.
Adopting White in Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla.1986), the Florida Supreme Court held in a case where no reservation of jurisdiction was made to award attorney's fees, that "a post-judgment motion for attorney's fees raises a `collateral and independent claim' which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality." Id. at 1243 (emphasis supplied). In Finkelstein no appeal had been filed, and the prevailing party moved for attorney's fees three days after the time for appeal from the final judgment had run. Similarly, in Stockman v. Downs, 573 So.2d 835 (Fla. 1991), also a case where no reservation of jurisdiction was made to award attorney's fees, the supreme court held:
Our review of the case law leads us to the conclusion that the better view is the one expressed in our earlier casesa claim for attorney's fees, whether based on statute or contract, must be pled. The fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. 40 Fla.Jur.2d Pleadings § 2 (1982). Raising entitlement to attorney's fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case.... A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him.
Id. at 837 (emphasis supplied, footnotes omitted).
The concern the court had in Stockman, as well as the Supreme Court's concern in White, was surprise to the adverse party by a motion made post-trial which, for the first time, raises the issue of attorney's fees. Such is not the case in the present appeal. There was no surprise, because the trial court had reserved jurisdiction to award fees in the final judgment. The county knew that it could be liable for attorney's fees if the final order was sustained on appeal. Therefore, the principal policy reason for requiring a motion for fees to be made within a reasonable time after final judgment, mainly the surprise and prejudice to the paying party, is not present in this case.
A second policy reason noted in White for denying fees is the avoidance of piecemeal appeals. Requiring attorney's fees to be assessed shortly after the trial court renders a final judgment allows the appellate court to address both issues in one appeal. Yet we know from experience that attorney's fees determinations may require substantial amounts of time, so much so that sometimes the appeals cannot be decided together because of the time difference between the filing of the initial appeal and rendition of the order awarding attorney's fees. Moreover, many times the issues addressed in determining attorney's fees appeals are completely different than the issues addressed in the main appeal. Thus, from an appellate review standpoint, requiring all attorney's fees awards to be set expeditiously after final judgment so that they may be joined in an appeal from the final judgment may not necessarily save the appellate court significant effort. On the other hand, litigants may want to avoid the time and expense of preparing and attending a lengthy attorney's fee hearing when the order is on appeal with an arguable chance of being reversed by the *1068 appellate court, rendering the attorney's fees hearing useless.[2] Thus, we do not think the avoidance of piecemeal appeals is so significant as to outweigh the desire of the parties to economize their own resources.
Finally, both Finkelstein and Stockman permit the filing of a claim for attorney's fees from the time that the judgment is final. Where an appeal renders those claims upon which an attorney's fees award may be predicated in doubt, it may be reasonable to delay the determination of the amount of fees until the resolution of those merits claims is completed in the appeal. As the supreme court said in Stockman, "[a] motion for attorney's fees requires consideration of factors distinct from the issues decided on the merits of the cause of action. Thus, it is not improper to adjudicate entitlement to attorney's fees after resolution of the other claims." 573 So.2d at 837.
In the instant case, the trial court reserved jurisdiction to award fees. USF & G awaited the outcome of the merits appeal by the county before requesting an award of fees. If the county had succeeded in its appeal, then any award of attorney's fees would have been moot. By waiting until after the determination of the appeal, USF & G avoided the possibility of wasting the trial court's time and that of the attorneys for the parties. There was no surprise to the county that USF & G would ask for fees. At all relevant points in the proceedings, USF & G raised its entitlement to the county. We therefore conclude that the trial court erred by denying the motion for attorney's fees on the ground that it was not brought within a reasonable time.
We dismiss the cross-appeal as premature, as no order awarding attorney's fees has yet been made. See Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994).
DELL and STEVENSON, JJ., concur.
NOTES
[1] If it were not dicta, the statement may have conflicted with Folta v. Bolton, 493 So.2d 440, 443-44 (Fla.1986), in which the court cited with approval the Supreme Court's determination in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), that a post-judgment motion for attorney's fees must be made within a reasonable time and that a motion filed four and one-half months after entry of final judgment was filed within a reasonable time.
[2] Given the number of times that courts reverse summary judgments, this may be particularly true in this type of case.