740 So.2d 576 (1999)
Mary DICKS, on Behalf of her minor child James MONTGOMERY, Jr., Appellant,
v.
Ken JENNE, as Sheriff of Broward County and as successor to former Sheriffs Nick Navarro and Ron Cochran, and Deputy Gary Biernacki, in his official and individual capacity, Appellees.
No. 98-0877.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
Rehearing Denied September 22, 1999.
*577 Beverly A. Pohl, Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale and Howard A. Spier of Rossman Baumerger & Reboso, Miami, for appellant.
Louise H. McMurray of Stephens, Lynn, Klein & McNicholas, P.A., Miami and Purdy, Jolly & Giuffreda, P.A., Fort Lauderdale, for appellee Gary Biernacki.
FARMER, J.
Plaintiff filed suit against the Broward County Sheriff's Office and Deputy Gary Biernacki following the 1990 arrest of her six year old son, James, by Deputy Biernacki, for the felony crime of aggravated battery and the misdemeanor crime of battery. No charges were filed against James as it was later determined that another person committed the aggravated battery. Plaintiff sought, inter alia, damages under 42 U.S.C. § 1983 for an alleged violation of James' Fourth Amendment rights.
Prior to trial, the parties filed cross-motions for summary judgment on the issue of whether Deputy Biernacki had probable cause to arrest James. The trial court granted summary judgment in favor of plaintiff on the probable cause issue. Subsequently, Deputy Biernacki, in his individual capacity, moved for summary judgment on plaintiffs 42 U.S.C. § 1983 claim, arguing that based on the stipulated facts of record, he was entitled to qualified immunity from individual liability. Initially, the trial court denied the motion, finding that Deputy Biernacki had "failed to establish his entitlement to qualified immunity as a matter of law, particularly in light of the court's prior ruling that the arrest in question was without probable cause." Deputy Biernacki appealed the trial court's ruling to this court.
We affirmed the trial court's ruling denying Deputy Biernacki's motion for summary judgment on qualified immunity grounds. See Biernacki v. Dicks, 668 So.2d 621 (Fla. 4th DCA 1996). On remand, and prior to trial, Deputy Biernacki filed a motion for reconsideration of the trial court's ruling on qualified immunity. Consequently, the trial court revisited the qualified immunity issue, and subsequently reversed its prior ruling which had already been affirmed by this court.
In this appeal, plaintiff urges us to reverse the trial court's entry of summary judgment in favor of Deputy Biernacki on qualified immunity grounds. Deputy Biernacki, in turn, appeals the trial court's interlocutory order granting summary judgment in favor of plaintiff on the issue of probable cause. As set forth below, we reverse the qualified immunity judgment in favor of Deputy Biernacki, and affirm the summary judgment in favor of plaintiff as to the probable cause issue.
Where a reviewing court has passed upon a question and remands the cause for further proceedings, questions there settled become law of the case upon a subsequent appeal, provided the same facts and issues which were determined in the previous appeal are involved in the subsequent appeal. Metropolitan Dade County v. Martino, 710 So.2d 20, 22 (Fla. 3d DCA 1998). Both the qualified immunity issue and the probable cause issue involved here were settled in the prior appeal. *578 Thus, the law of the case doctrine precluded the trial court and bars this court from reconsidering either issue.
As to the qualified immunity issue, the Eleventh Circuit case of Riley v. Camp, 130 F.3d 958 (11th Cir.1997) is particularly instructive. In Riley, a social worker removed a fifteen year old child from her mother's custody following allegations of abuse. Id. at 976. While in the custody of the State, the child became pregnant by her eighteen year old boyfriend, whom she subsequently married. Id. at 976-977. Consequently, the child's mother filed a 42 U.S.C. § 1983 claim against the social worker and her immediate supervisor alleging violations of her substantive and procedural due process rights. Id. at 977. The social workers moved for summary judgment asserting an entitlement to qualified immunity. Id. The district court denied the social workers' motion, and, on interlocutory appeal, the Eleventh Circuit affirmed the denial of qualified immunity without an opinion. See Riley v. Camp, 990 F.2d 1268 (11th Cir.1993). Following a trial wherein a jury found in favor of the mother, the social workers again appealed to the Eleventh Circuit arguing, among other things, that the district court erred in failing to find that qualified immunity protected them. Riley, 130 F.3d at 977. The Eleventh Circuit held:
"Under the law of the case doctrine, both the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." Therefore, the law of the case doctrine bars our reconsideration of the qualified immunity issue.
Id. at 979. (Citations omitted).
In a separate concurrence, Judge Kravitch provided justification for the majority's holding that the law of the case doctrine governed the qualified immunity issue. Judge Kravitch acknowledged the ability of defendants to subsequently raise the qualified immunity defense even if initially denied at the summary judgment stage, and even where an appellate court has ruled on the issue. Nonetheless, Judge Kravitch noted that this right was not inconsistent with the application of the law of the case doctrine. Id at 981.
Judge Kravitch reasoned that the application of the law of the case doctrine serves several important purposes: it promotes finality, it assures the adherence of trial courts to the decisions of appellate courts, and it avoids a waste of judicial resources, all without sacrificing a defendant's ability to raise the qualified immunity defense anew. Id. Judge Kravitch explained that the law of the case doctrine does not require that a prior appellate decision govern the trial court or subsequent appellate panels where one of the following exceptions apply: (1) substantially different evidence is subsequently produced; (2) controlling authority of law applicable to the issue has changed; or (3) the prior decision was clearly erroneous such that following it would work manifest injustice. Id.; See also Henry v. State, 649 So.2d 1361, 1364 (Fla.1994)(stating that under the law of the case doctrine, all points of law which have been previously adjudicated by an appellate court may be reconsidered only where a subsequent hearing or trial develops material changes in the evidence, or where exceptional circumstances exist whereby reliance upon the previous decision would result in manifest injustice). Judge Kravitch added that prior to applying the law of the case doctrine the subsequent appellate panel must determine that the prior panel decided the qualified immunity issue either explicitly or "by necessary implication." Riley, 130 F.3d at 981.
Here, in affirming the trial court's initial denial of qualified immunity, we decided the issue by necessary implication. Further, none of the exceptions to the law of the case doctrine apply to warrant reconsideration of the qualified immunity issue by either the trial court or this court, i.e., the record does not reflect any substantially different evidence produced in support *579 of Deputy Biernacki's motion for reconsideration; there were no intervening changes in the law applicable to the qualified immunity issue which would overrule this court's prior decision on the qualified immunity issue; and the record before this court does not support a finding that the prior rulings were clearly erroneous. As in Riley, therefore, we conclude that the law of the case doctrine governs the qualified immunity issue in this case. We also find that the doctrine applies to the probable cause issue. Accordingly, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
DELL and POLEN, JJ., concur.