PER CURIAM.
In this non-final appeal, we reverse the trial court’s order granting a mandatory temporary injunction in favor of Broward Yachts.[1] The parties to this Seventeenth Circuit (Broward) action are also the parties in a ease pending in the Eleventh Circuit (Dade), in which Appellant, a yacht show promoter, has a previously filed counterclaim seeking relief as to the same issue and claims asserted in this action.
It is well established that where a claim is pending between the same parties in different circuits, “jurisdiction lies in the circuit where service of process is first perfected.” Mabie v. Garden St. Mgmt. Corp., 397 So.2d 920, 921 (Fla.1981). See also REWJB Gas Invs. v. Land O’Sun Realty, Ltd., 643 So.2d 1107, 1108 (Fla. 4th DCA 1994) (noting that a party may be entitled as a matter of law to abatement of a second lawsuit, and thereby entitled to dismissal of that lawsuit, where there is a complete identity of the parties and the causes of action), rev. dismissed sub nom, Williams v. Williams, 651 So.2d 1197 (Fla.1995); Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943).
The litigation before us involves Appellant’s claims to an allocation of show space at a year 2001 boat show taking place in Dade county. The trial court, here, was apprised that there had been prior litigation in Broward county between the parties; however, that litigation concerned a year 2000 boat show that took place in Broward county. The pending Dade county suit was initially brought by Appellee on claims arising out of a separate year 2000 boat show that took place in Dade county. It is undisputed that Appellant has a pending counterclaim in the Dade action, to which Appellee has responded, seeking declaratory relief with respect to the year 2001 boat show being held in Dade county which pre-dates the institution of this Bro-ward county action.
As the circuit court in Dade county has prior jurisdiction in litigation between the same parties as to the same subject matter, Appellee’s claim of right to space at the 2001 Dade show, the circuit court in Broward county erred by entering the temporary injunction. We, therefore, reverse and remand for abatement, transfer, or other action consistent with this opinion.
WARNER, C.J., STONE and SHAHOOD, JJ., concur.

. We note that we have considered Appellant's emergency motion to review the trial court’s denial of a stay and Appellee's response in lieu of briefs.