PARKER, Judge.
Edward Graef, Jr., as Personal Representative of the Estate of Edward Graef (Graef), appeals the trial court’s final judgment awarding attorney’s fees to defendant Dames & Moore, Inc., pursuant to an offer of judgment. Because Dames & Moore’s motion for attorney’s fees was untimely filed, we reverse.
Earlier in this case, Graef appealed the summary judgment entered in favor of Dames & Moore on June 9, 1999, and recorded in the public records on June 17, 1999. This court accepted jurisdiction in that appeal and affirmed the summary judgment on the merits. See Graef v. Dames & Moore, Inc., 758 So.2d 677 (Fla. 2d DCA 2000) (table). In this appeal, Dames & Moore contends that the June 9, 1999, summary judgment was not a “final judgment.” Therefore, according to Dames & Moore, it was not required to file its motion for attorney’s fees within thirty days of the June 9, 1999, summary judgment. See § 768.79(6), Fla. Stat. (1991) (requiring the party seeking fees pursuant to an offer of judgment to file its motion for attorney’s fees within thirty days after the entry of judgment or after voluntary or involuntary dismissal). We disagree.
Under the “law of the case” doctrine, questions of law that have actually been decided on appeal must govern the case in both the trial and appellate courts through all subsequent stages of the proceedings. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001); Dade County Classroom Teachers’ Ass’n v. Rubin, 238 So.2d 284, 289 (Fla.1970); Dicks v. Jenne, 740 So.2d 576, 577 (Fla. 4th DCA 1999). This includes questions of law that were implicitly addressed or necessarily considered. Juliano, 801 So.2d at 106; Rubin, 238 So.2d at 289; Dicks, 740 So.2d at 578.
*396 In this case, this court “necessarily considered” whether the June 9, 1999, summary judgment constituted the “entry of judgment” when this court considered whether it had jurisdiction to hear the earlier appeal. When this court accepted jurisdiction over the earlier appeal, it “implicitly addressed” the issue of the finality of the June 9, 1999, summary judgment and determined that it was sufficiently final to constitute the “entry of judgment.” Thus, the June 9,1999, summary judgment is the “entry of judgment” and, under the doctrine of the law of the case, this issue cannot be relitigated in the trial court or in this appeal.[1]
Because Dames & Moore did not file its motion for attorney’s fees within thirty days of the June 9, 1999, order, its motion for fees was untimely filed. The trial court erred in awarding attorney’s fees under this untimely motion. Therefore, we reverse.
Reversed.
SALCINES and KELLY, JJ., concur.

. We note that Dames & Moore did not contest the finality of the June 9, 1999, summary judgment until after mandate issued from this court in the earlier appeal.