833 So.2d 320 (2003)
BAL BAY REALTY, LTD., Appellant,
v.
PEPSOMERS CORPORATION, a New York Corporation, Sheldon Good & Company, JBE Associates, a Florida General Partnership, and John Brunetti, Appellees.
No. 4D01-2781.
District Court of Appeal of Florida, Fourth District.
January 8, 2003.
Joseph P. Klock, Jr., Ron A. Adams, and Robert C.L. Vaughan of Steel Hector & Davis, LLP, Miami, for appellant.
David D. Welch of Welch, Finkel & Schuyler, Pompano Beach, for appellee JBE Associates.

ON MOTIONS FOR REHEARING, REHEARING EN BANC & CERTIFICATION
PER CURIAM.
We deny appellee's motions for rehearing, rehearing en banc and certification. In so doing, we withdraw the opinion *321 filed on September 25, 2002, and substitute the following in its place.[1]
This is an appeal from an order granting attorney's fees and costs. Because the motion was not filed in a reasonable time after the entry of the final judgment, we reverse.
On January 24, 1996, JBE Associates (JBE) and appellant Bal Bay entered into a written purchase and sale contract in which Bal Bay agreed to buy the hidden Harbor Apartments from JBE for $16,800,000. The contract followed a real estate auction held by auctioneer company, Sheldon Good & Company, whereby Sheldon declared that Bal Bay had submitted the winning bid. However, Pepsomers Corporation believed that it had made the winning bid and was legally entitled to purchase the property from JBE for $16,750,000.
Consequently, on February 5, 1996, Pepsomers filed an action against Sheldon, JBE and Bal Bay challenging the contract. Pepsomers also filed a lis pendens against the property. Following the filing of the complaint, JBE filed an answer and counterclaim as well as a cross-claim against Bal Bay, alleging that the contract had been terminated by Bal Bay's refusal to close. Thereafter, Bal Bay filed a cross-claim against JBE, alleging that JBE breached the contract. On May 26, 1998, the trial court entered final summary judgment for JBE on its cross-claim for declaratory relief and ordered that the contract be terminated. The trial court also filed a final summary judgment in favor of JBE on Bal Bay's cross-claim on December 15, 1998.
Bal Bay appealed both summary judgment orders. This court affirmed the summary judgment on JBE's cross-claim and dismissed the appeal of the summary judgment on Bal Bay's cross-claim. Consequently, as the prevailing party in the appellate court, JBE filed a motion for appellate attorney's fees against Bal Bay. On April 7, 1999, this court granted the motion and ordered the trial court to conduct a hearing to determine the reasonable attorney's fees for JBE. Bal Bay filed a Motion for Rehearing or Clarification, which was denied, and a mandate was issued by this court on June 4, 1999.
It was not until February 15, 2000, that JBE filed its motion for attorney's fees and costs, which reflected its time litigating the cross-claim. The motion was subsequently amended on September 11, 2000. An evidentiary hearing was held on the motion on May 24, 2001, at which Bal Bay mainly argued that JBE had filed its motion too late. The trial court granted JBE's motion for both the trial and appellate proceedings on June 15, 2001. The trial court stated:
JBE is entitled to an award of its reasonable attorney's fees against Bal Bay. First, there was no prejudice nor surprise to Bal Bay that JBE's attorney's fees were being sought. Second, there was a reasonable basis and explanation for the time delay in the filing of JBE's motion for attorney's fees. USF & G v. Martin [County ], 669 So.2d 1065 (Fla. 4th DCA 1996).
The trial court awarded $30,330 for trial fees, $20,500 for appellate fees, and fees in the amount of $10,143.50 for time expended *322 litigating the issue of entitlement to an award of attorney's fees. In addition, the trial court ordered prejudgment interest in the amount of $4,465.07 and $5,616 per diem interest. This appeal followed.
Initially, appellant argues that JBE's motion for attorney's fees was untimely. The trial court entered summary judgments as to the cross-claims between JBE and Bal Bay on May 29, 1998, and December 14, 1998. Both orders were appealed; the summary judgment on JBE's claim was affirmed and the appeal of the summary judgment on Bal Bay's cross-claim was dismissed. On April 7, 1999, this court granted JBE's motion for attorney's fees as the prevailing party on appeal and ordered the trial court to conduct a hearing to determine reasonable appellate fees. Mandate was issued by this court on June 4, 1999. JBE did not file its motion for attorney's fees and costs until February 15, 2000. Appellant acknowledges that JBE pled entitlement to fees below, but focuses its argument on JBE's alleged failure to file its motion for attorney's fees within a reasonable time after the entry of final judgment.[2]
"Proof of attorney's fees may be presented after final judgment, upon motion within a reasonable time." Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991). The trial court based its decision that the motion was timely on United States Fidelity & Guaranty [USF & G] v. Martin County, 669 So.2d 1065, 1066 (Fla. 4th DCA 1996), where this court held that a motion for attorney's fees filed eight days after the appellate decision on the case was timely. In USF & G, this court concluded that it is not unreasonable to delay the filing of a motion for attorney's fees until after the appeal is heard on the case. See id. at 1068. Nevertheless, the time that elapsed after the "final" decision in USF & G and the time elapsed here is substantially different. In USF & G, only eight days had passed between the appellate court's decision and the filing of the motion for attorney's fees, whereas here, it was eight months.
Neither party has presented this court with any authority directly on point indicating whether an eight-month delay between the rendering of an appellate decision and the filing of a motion for attorney's fees can be considered reasonably timely. In McAskill Publications, Inc. v. Keno Bros. Jewelers, Inc., 647 So.2d 1012 (Fla. 4th DCA 1994), it was unclear whether the successful party, the respondent, ever moved for attorney's fees in the county court at any time. The respondent filed several motions for attorney's fees, pursuant to section 57.105(2), in the circuit court after an appeal had been filed by petitioner. This court, in dicta,[3] opined that "a trial court generally should not grant a *323 post-judgment motion for attorney's fees filed almost three months after the judgment on the merits because of `unreasonable tardiness.'" Id. at 1013.
National Environmental Products, Ltd., Inc. v. Falls, 678 So.2d 869 (Fla. 4th DCA 1996), is perhaps the closest case. There, this court held that a motion filed nineteen months after entry of a judgment and six months after issuance of the appellate court's mandate in the appeal of that judgment, "far exceed[ed] a reasonable time" and was "presumptively" and "clearly" unreasonable. Id. at 871-72. In Falls, the motion for attorney's fees was based on the alleged absence of a justiciable issue of law or fact pursuant to section 57.105. The court noted that the delayed, six months post-mandate filing constituted unfair surprise and that it would be incumbent upon the movant to demonstrate "special or extenuating" circumstances. Falls, 678 So.2d at 871. No special or extenuating circumstances were proffered for the delay. See id.
Falls is distinguishable from the instant case in a number of respects. First, the motion for attorney's fees in Falls was based on section 57.105, and the issue of fees was raised for the first time in the post-judgment motion, filed six months after the mandate. The court in Falls noted:
[W]here litigation has long since been concluded and where the prevailing party has not raised the issue of section 57.105 attorney's fees, the losing party should be able to safely assume that such fees are not being sought.... Where, as here, there is an unreasonable delay, it can no longer be said that all parties continue to be on perpetual notice that attorney's fees may be awarded; thus, there is most definitely the possibility for unfair surprise ....
678 So.2d at 871-72. In the instant case, JBE had raised the issue of prevailing party attorney's fees throughout the lower court. Second, the instant case differs from Falls in that, here, the movant has offered an explanation for the delay which the trial court has determined to be "reasonable" under the circumstances of this case.
Despite the distinctions between Falls and the instant case, we find Falls persuasive. We conclude that, under the facts and circumstances of this case, JBE's motion for attorney's fees was not filed in a reasonable time after entry of the final judgment and should have been denied. Here, the motions for attorney's fees were filed 14 and 21 months respectively after entry of the final judgment. We recognize that based on the holding in USF & G, the time spent waiting on the appeal to be finalized must also be factored into the consideration as to whether the delay between the entry of final judgment and the filing of a motion for attorney's fees is reasonable. Nonetheless, JBE did not file its motion for attorney's fees until eight months after the mandate was issued. Even though the case was on-going as to JBE and other parties, it was final as to JBE and Bal Bay.
In Falls, the court suggested that "special or extenuating" circumstances could be considered in determining whether a motion for attorney's fees filed post-judgment was timely filed. 678 So.2d at 871. Here, the only special or extenuating circumstance presented to the trial court by JBE's counsel was the fact that the case was complicated and it took extra time to separate the fees attributable to the cross-claims from those of the main action. Yet, JBE's counsel stated that he spent only between 15 to 20 hours over the eight-month period reviewing records in an effort to determine the proper amount of time to allocate to the cross-claim. *324 While some minimal delay in filing the attorney's fees motions under the circumstances in this case may have been necessary, the trial court abused its discretion in finding that an eight-month delay was reasonable.
Most appellate courts considering a trial court's determination as to the timeliness of a post-judgment motion for attorney's fees have apparently reviewed the order for legal error, rather than an abuse of discretion. See Falls; USF & G; McAskill; Swortz v. S. Rainbow Corp., 603 So.2d 107 (Fla. 3d DCA 1992); see also Wunderle v. Fruits, Nuts & Bananas, Inc., 715 So.2d 325 (Fla. 2d DCA 1998). Notwithstanding, whether reviewed de novo or for an abuse of discretion, the order on JBE's motion for attorney's fees should have been denied as untimely.[4] Accordingly, the order on appeal granting JBE's motion for attorney's fees is REVERSED.
STEVENSON and MAY, JJ., concur.
SHAHOOD, J., dissents with opinion.
SHAHOOD, J., dissenting.
I respectfully dissent. I would affirm the trial court's award of attorney's fees and costs. Even though the litigation was final as to Bal Bay and JBE on their cross-claims, it was still pending as to JBE and other parties. Because this was a highly complex and lengthy case, I agree with the trial court's conclusion that, "there was a reasonable basis and explanation for the time delay in the filing of JBE's motion for attorney's fees."
NOTES
[1] We write on rehearing only to clarify that this court has not announced any bright-line time requirement as to when a post-judgment motion for attorney's fees should be considered untimely. In this, we agree with Shipley v. Belleair Group, Inc., 759 So.2d 28, 30 (Fla. 2d DCA 2000), that a determination of whether a post-judgment motion for attorney's fees has been made in a reasonable time must be made based upon "all the facts and circumstances of a particular case."
[2] In the instant case, the trial court did not reserve jurisdiction in the final order to award attorney's fees. Nevertheless, the absence of such a reservation does not necessarily deprive the trial court of jurisdiction to entertain a post-judgment motion for attorney's fees, provided that the motion is filed within a reasonable time after entry of final judgment. See Folta v. Bolton, 493 So.2d 440, 443 (Fla.1986).
[3] This court noted in USF & G that:

If it were not dicta, the statement may have conflicted with Folta v. Bolton, 493 So.2d 440, 443-44 (Fla.1986), in which the court cited with approval the Supreme Court's determination in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), that a post-judgment motion for attorney's fees must be made within a reasonable time and that a motion filed four and one-half months after entry of final judgment was filed within a reasonable time.
669 So.2d at 1066 n. 1.
[4] We note that the time for filing a motion for attorney's fees would now be governed by Florida Rule of Civil Procedure 1.525, which provides that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment." Rule 1.525 only became effective, however, on January 1, 2001. See In re Amendments to Fla. Rules of Civil Procedure, 773 So.2d 1098, 1099 (Fla.2000); see also Ulico Cas. Co. v. Roger Kennedy Constr., Inc., 821 So.2d 452 (Fla. 1st DCA 2002).