POLEN, J.
This appeal arises from a final order denying Yachting Promotions’ motion to recover damages for a wrongful injunction, motion for fees and costs, and motion for appellate fees and costs as untimely. For the reasons discussed below, we reverse the order of the trial court.
The underlying facts of this case, previously addressed by this court in Yachting Promotions, Inc. v. Broward Yachts, Inc., 782 So.2d 937 (Fla. 4th DCA 2001), involve Yachting Promotions’ claims to an allocation of show space at a 2001 boat show taking place in Dade County. Subsequent actions, involving these parties and prior boat shows, were brought in Broward County. This court, on appeal of a non-final order, reversed the trial court’s order granting a mandatory temporary injunction in favor of Broward Yachts based on the Dade court having jurisdiction. This court’s opinion was issued on March 28, 2001.
On April 5, 2001, Yachting Promotions filed a motion for appellate attorneys’ fees, and a motion for clarification on the timeliness of the motion for fees, in this court. On May 3, 2001, this court denied the motion for fees without prejudice to allow Yachting Promotions to file the motion for fees vwth the trial court. On May 25, 2001, this court issued its mandate.
On June 1, 2001, Yachting Promotions filed a motion for attorneys’ fees with the trial court. The motion was amended on April 1, 2002, to include a claim for trial level attorneys’ fees. Prior to the amendment of the fee motion, Yachting Promotions also filed a motion for judgment on the pleadings.
On April 8, 2002, Yachting Promotions filed a motion to recover damages for a wrongful injunction. All of Yachting Promotions’ motions were noticed for hearing. Prior to the trial court’s having entered an order setting the motions for non-jury trial, Broward Yachts filed a motion for voluntary dismissal.
On November 4, 2002, the trial court granted the voluntary dismissal. The order specifically retained jurisdiction to determine the outcome of Yachting Promotions’ various motions. On July 28, 2003, the trial court entered an order denying the motion for damages and motions for fees. The trial court determined that the date this court issued its mandate was the determinative date for calculating the timeliness of the motions. As a result, the court held that the motions were not timely. The trial court also found that the original motion for fees was deficient for failing to attach affidavits. The affidavits eventually filed were not filed in a timely *626 fashion. All of Yachting Promotions’ motions were denied.
Initially, Yachting Promotions contends the trial court erred as a matter of law in finding that the motions were untimely. We agree. Florida Rule of Civil Procedure 1.525 became effective January 1 2001, and provides that “[a]ny party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.” Fla. R. Civ. P. 1.525.
In the case at bar, the trial court used the date of this court’s mandate as the starting point of the thirty-day time limit for Yachting Promotions to file its motion. This court issued its mandate on May 25, 2001.
On June 1, 2001, Yachting Promotions filed a motion for appellate attorneys’ fees with the trial court. The motion was not amended until April 1, 2002, to include a claim for trial level attorneys’ fees. Prior to the amendment of the fee motion, Yachting Promotions also filed a motion for judgment on the pleadings. On April 8, 2002, Yachting Promotions filed a motion to recover damages for a wrongful injunction. All of these motions, other than the initial filing on June 1st, were made more than thirty days after the mandate issued. In the initial opinion, this court held that the trial court did not have jurisdiction over this matter because it was previously pending in another jurisdiction. Yachting Promotions, Inc., 782 So.2d at 937.
In the case sub judice, the trial court concluded that Yachting Promotions did not file its motion for damages for a wrongful injunction within a reasonable time of the issuance of the mandate. Further, the court held that Yachting Promotions’ filing of a motion seeking trial level fees, along with the affidavit for its previously filed motion seeking appellate fees, ten months after the mandate issued was untimely. The trial court relied on Bal Bay Realty, Ltd., v. Pepsomers Corp., 833 So.2d 320 (Fla. 4th DCA 2003).
In Bal Bay, the motions were not governed by newly enacted Florida Rule of Civil Procedure 1.525. In finding that the motions in that case were unreasonably late, this court held that “a determination of whether a post-judgment motion for attorney’s fees has been made in a reasonable time must be made based upon ‘all the facts and circumstances of a particular case.’ ” Id. at 321 (quoting Shipley v. Belleair Group, Inc., 759 So.2d 28 (Fla. 2d DCA 2000)). In Bal Bay, this court held that motions for fees filed fourteen and twenty-one months after the final judgment, and eight months after the issuance of a mandate from this court, were unreasonable. Id.
Yachting Promotions accurately distinguishes the ease at bar from Bal Bay. In this case, the motions are not post-judgment motions. Further, the mandate referenced in Bal Bay was a mandate issued on a final appeal. In the case at bar, the mandate is on an interlocutory appeal. Most importantly, although not argued by Yachting Promotions on appeal, Florida Rule of Civil Procedure 1.525 did not govern Bal Bay, but does govern in this case. See Fla. R. Civ. P. 1.525.
The rule is extremely clear, in order to be timely, the motion had to be filed “within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.” Fla. R. Civ. P. 1.525 (emphasis added). “Rule 1.525 was created to establish a bright-line rule to resolve the uncertainty surrounding the timing of these posttrial *627 motions.” Diaz v. Bowen, 832 So.2d 200, 201 (Fla. 2d DCA 2002).
There can be no bright line if trial courts are permitted to elect a starting point for the thirty-day clock to begin to run. Although the mandate arguably ended this case, its effect was to reverse a temporary injunction. No judgment was entered. As a result, the thirty days Yachting Promotions had to file its motions, under the plain and unambiguous language of the rule, had not started to run.
Yachting Promotions cites to Graef v. Dames & Moore Group, Inc., 857 So.2d 257 (Fla. 2d DCA 2003), as an example of where the entry of a an order on summary judgment was considered sufficiently final for purposes of calculating the time for which the party had to file its post-trial motions. However, in Graef, the court specifically recognized that the case was hot governed by Florida Rule of Civil Procedure 1.525. Rather, the Graef opinion utilized the same reasonableness test used in Bal Bay. In fact, the Graef opinion specifically commented that “[bjecause the bright line of rule 1.525 does not apply to this case, our inquiry does not end by simply counting the days between the date of final judgment and the motion for attorney’s fees.” Id. at 259. Had the rule applicable to the case at bar been applicable in Graef, the second district was well aware that it would have been governed by the time between the date the final judgment was entered and the motion was filed.
In sum, because this case is governed by Florida Rule of Civil Procedure 1.525, and the rule is clear as to when a motion must be filed, the trial court erred as a matter of law by using the date of this court’s mandate as the benchmark from which to calculate the time. As a result, we now reverse the order of the trial court, and remand for further proceedings consistent with this opinion.
REVERSED.
KLEIN and GROSS, JJ., concur.